IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-694-FL

| | |
|---|---|
| ANGELA MILES STEPHENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NC DEPARTMENT OF HEALTH AND )<br>HUMAN SERVICES DHHS, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court on defendant's motion to dismiss for failure to state a claim (DE 15). Plaintiff responded in opposition, and the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted.

**STATEMENT OF THE CASE**

Plaintiff commenced this employment discrimination action on December 28, 2020, by filing a motion for leave to proceed in forma pauperis. On February 9, 2021, United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation wherein it was recommended that the motion be denied on the basis that plaintiff does not meet the financial status requirements so to proceed. Plaintiff then paid the filing fee on February 19, 2021, rendering the motion and the M&R moot.

Plaintiff filed her complaint that same date, asserting that defendant, her former employer, discriminated against her by failing to promote her on the basis of race, age, and disability, and in retaliation for prior charges of discrimination. Plaintiff attaches to her complaint an Equal

Employment Opportunity Commission ("EEOC") charge of discrimination, dated August 29, 2019, which asserts discrimination based upon retaliation and state law. Plaintiff also relies upon an EEOC notice of right to sue, dated September 30, 2020, and allegedly received on October 2, 2020 (hereinafter, "EEOC notice"). Plaintiff seeks damages, back pay, front pay, lost earnings, and interest.[1]

After an extended period for service, defendant filed the instant motion on August 6, 2021, seeking dismissal for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff timely filed a response in opposition.

## STATEMENT OF THE FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiff began employment with defendant on February 16, 2009, was terminated on April 6, 2009, and was rehired in 2011. Plaintiff alleges that she "was not able to promote and advance within [defendant] as well as other state agencies because she filed complaints" of discrimination. (Compl. (DE 6) at 5). According to the complaint, her "complaints and reports of harm/injury were ignored, passed off to others to alter, downplayed as not significant, considered not creditable, not addressed, and dismissive by way of management and Human Resource." (Id.).

Plaintiff alleges that she was "accused of causing problems in the office affecting the flow of teamwork and bringing down the moral in the office by her direct supervisor following the filing of an EEO alleging age and race discrimination and retaliation for the denial of promotion." (Id.).

---

[1] Plaintiff has filed four prior employment discrimination cases in this district: 1) No. 5:99-cv-820-F, against the Cumberland County Department of Social Services, filed December 7, 1999, closed February 20, 2001; 2) No. 5:06-cv-261-FL, against the North Carolina Department of Corrections, filed June 28, 2006, closed February 16, 2007; 3) No. 5:17-cv-30-BO, against the North Carolina Department of Public Safety, filed January 17, 2017, closed June 14, 2018; and 4) No. 5:11-cv-597-D, against the North Carolina Department of Corrections, filed October 26, 2011, closed July 7, 2014.

According to the complaint, plaintiff's supervisor stated that plaintiff "was being treated differently because she filed discrimination charges with Human Resource." (Id.).

Plaintiff further alleges that she "received all Good standing for her final evaluations." (Id.). Plaintiff "continued to apply for positions that would allow her to promote and advance." (Id.). Specifically, plaintiff "applied for a Counselor in Charge position and Juvenile Counselor positions." (Id.). According to the complaint, plaintiff "was given an interview but denied the positions despite her qualifications, skills, state time, and work experience." (Id.).

Plaintiff asserts that she was "being treated differently because she filed discrimination charges with Human Resource." (Id.). She claims she "received different treatment from similarly situated employees by which the discrimination and retaliation was intentional by inconsist[ent] application of rules, policy, and practice in retaliation to the filing of her discrimination charges." (Id.).

In plaintiff's charge of discrimination, dated August 29, 2019, plaintiff contends that discrimination took place between May 1, 2019, and August 14, 2019. She alleges she filed "an internal grievance along with other previous charges of employment discrimination" against defendant. (Compl. Ex. 2 (DE 6-2) at 1). Plaintiff states she "applied for the Service Program Man[ager] II on two separate occasions," but that she was denied a promotion both times. (Id.). Plaintiff alleges that she was "contacted by Ms. Pearla Alston on August 14, 2019, via email stating [plaintiff's] grievance was canceled pending [plaintiff's] return to work," and that "the agency has not issued a final decision pertaining to [plaintiff's] grievance due to waiting on further instructions on how to proceed." (Id.). Plaintiff further alleges she is "currently on leave of absence." (Id.).

In plaintiff's in forma pauperis affidavit, plaintiff states that she was last employed with defendant on September 5, 2019. (See DE 1 at 2).

**COURT'S DISCUSSION**

A.      Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.      Analysis

    1.      Scope of Charge

Before a plaintiff may file an employment discrimination suit, she is required to file a charge of discrimination with the EEOC. See 42 U.S.C. § 2000e–5(f)(1) (race discrimination); 29 U.S.C. § 626(d) (age discrimination); 42 U.S.C. § 12117 (disability). "The EEOC charge defines the scope of the plaintiff's right to institute a civil suit." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). This is because "the goals of providing notice and an opportunity for an agency response would be undermined . . . if a plaintiff could raise claims in litigation that did not appear in his EEOC charge." Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 593 (4th Cir. 2012). "[C]laims raised . . . [that] exceed the scope of the EEOC charge and any charges that would

naturally have arisen from an investigation thereof . . . are procedurally barred." Dennis v. County of Fairfax, 55 F. 3d 151, 156 (4th Cir. 1995).

Here, plaintiff asserts claims of discrimination in her complaint based upon race, age, and disability, as well as retaliation. (See Compl. (DE 6) at 3-4). In her EEOC charge of discrimination, however, plaintiff only asserted discrimination based on retaliation. (Compl. Ex. 2 (DE 6-2) at 1). Furthermore, plaintiff asserted her retaliation claim in her EEOC charge on the basis of denial of a promotion to the position of "Service Program Man[ager] II on two separate occasions." (Compl. Ex. 2 (DE 6-2) at 1). As such, plaintiff's claims in the instant case are limited to those in the EEOC charge and any that naturally would have arisen from an investigation thereof, comprising claims of retaliation for failure to promote. (See id.). The remainder of plaintiff's claims asserted in the complaint fall outside that scope and are procedurally barred. Dennis, 55 F. 3d at 156.

Therefore, plaintiff's claims of discrimination based upon race, age, and disability are dismissed, and defendant's motion in this part must be granted. The court addresses additional requirements with respect to plaintiff's retaliation claim in the remainder of the court's analysis herein.

2. Time Bar and Equitable Tolling

Defendant argues that plaintiff's action must be dismissed as time barred. Title VII provides a time limit for suits brought by persons aggrieved by discriminatory adverse employment actions: "within ninety days after the giving of [notice of rights to sue,] a civil action may be brought against the respondent" named in an EEOC charge. 42 U.S.C. § 2000e-5(f)(1).

A claim is time barred if it is not filed within this time limit. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 93 (1990). "Title VII's timely filing requirements are not jurisdictional." Davis v. N. Carolina Dep't of Correction, 48 F.3d 134, 140 (4th Cir. 1995). Rather, they are

5

requirements "that, like a statute of limitations, [are] subject to waiver, estoppel, and equitable tolling." Chacko, 429 F.3d at 513 n.5.

In this case, plaintiff alleges that she received the EEOC notice on October 2, 2020. (Compl. (DE 6) at 5). Thus, the deadline to commence an action based thereon was ninety days later, on December 31, 2020. Given that the court was closed on that date for the New Year's Day holiday, the deadline for commencing an action was the next business day, January 4, 2021. See Fed. R. Civ. P. 6. Plaintiff, however, did not file her complaint until February 19, 2021, over 45 days out of time. Accordingly, plaintiff's complaint was not timely filed.

Nevertheless, "district courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). Although the United States Court of Appeals for the Fourth Circuit has not addressed the issue, this court has recognized previously that the filing period properly is tolled during the pendency of an in forma pauperis motion prior to denial of any such motion. See Lassiter v. N. Carolina Cmty. Health Ctr. Ass'n, 367 F. Supp. 3d 435, 439 (E.D.N.C. 2019) (citing Truitt v. Cty. of Wayne, 148 F.3d 644, 647–48 (6th Cir. 1998); Williams-Guice v. Bd. of Educ., 45 F.3d 161, 164–65 (7th Cir. 1995); Jarrett v. U.S. Sprint Commc'ns Co., 22 F.3d 256, 259 (10th Cir. 1994)).

Here, applying this rule of equitable tolling, plaintiff filed her motion for leave to proceed in forma pauperis on December 28, 2020, which was 87 days after receipt of the EEOC notice. The filing period was thus tolled during the pendency of the motion and prior to denial of any such motion. Although the M&R was entered on February 9, 2021, it did not deny the motion, but rather only recommended denial of the motion.[2] Before the time period for objections to the M&R

---

[2] Defendant incorrectly states in its memorandum in support of its motion to dismiss that "the Court denied her Motion to proceed in forma pauperis" on February 9, 2021. (Def's Mem. (DE 16) at 5).

had expired, plaintiff paid the filing fee and filed her complaint, on February 19, 2021. Accordingly, based on the allegations in the complaint, plaintiff's complaint was timely filed because of equitable tolling during the entire pendency of the motion for leave to proceed in forma pauperis.

Therefore, defendant's motion to dismiss the complaint on the basis of time bar is denied in that part.

3. Failure to State a Claim

To state a claim for retaliation, plaintiff must allege that she "[1] engaged in protected activity, [2] that [her] employer took an adverse employment action against [her], and that [3] there was a causal link between those events." Savage v. Maryland, 896 F.3d 260, 276 (4th Cir. 2018). "[T]emporal proximity must be very close" in order to serve in itself "to establish a prima facie case." Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001). "A lapse of three to four months between the employer's knowledge of protected activity and the alleged retaliation is too long to establish a causal connection by tempor[al] proximity alone." Roberts v. Glenn Indus. Grp., Inc., 998 F.3d 111, 127 (4th Cir. 2021). In the absence of temporal proximity, plaintiff must allege other circumstances permitting a reasonable inference of a causal connection, id., such as by "look[ing] to the intervening period" for "retaliatory animus." Lettieri v. Equant Inc., 478 F.3d 640, 650 (4th Cir. 2007).

In addition, a plaintiff must allege that "the relevant decisionmaker" was aware that the plaintiff had engaged in a protected activity. Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998). "[T]he employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case." Id.; see Conrad v. CSX Transportation, Inc., 824 F.3d 103, 107 (4th Cir. 2016).

Here, although plaintiff's complaint asserts that plaintiff was denied promotions based on retaliation, "it does not assert facts establishing the plausibility of that allegation." Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 190-91 (4th Cir. 2010). As an initial matter, the complaint fails to allege facts regarding the date of the "internal grievance" that plaintiff alleges she filed, in her EEOC charge. (Compl. Ex. 2 (DE 6-2) at 1). It also does not allege the date(s) on which she was denied promotion. (See id.). Further, while plaintiff's complaint alleges "numerous age and race discrimination charges," its narrative covers a broad time period starting in 2011 involving employment with defendant. (Compl. (DE 6) at 5). These allegations regarding timing are insufficient to permit an inference of retaliation based upon temporal proximity alone. See Roberts, 998 F.3d at 127. Moreover, plaintiff does not allege any other facts tending to show "retaliatory animus." Lettieri, 478 F.3d at 650. Plaintiff's retaliation claim thus is deficient for this reason.

In addition, plaintiff fails to allege facts giving rise to a plausible inference that "the relevant decisionmaker" with respect to her denied promotions was aware that the plaintiff had engaged in protected activity. Dowe, 145 F.3d at 657. For example there are insufficient facts to draw a connection between the email from "Pearla Alston on August 14, 2019" regarding plaintiff's "grievance," with the alleged denied promotions. (Compl. Ex. 2 (DE 6-2) at 1).

Plaintiff argues in her opposition brief that she "engaged in protected activity against the defendant on numerous occasions when she filed claims of race and age discrimination with the EEOC," and that she made "complaints internally to human resources." (Pl's Mem. (DE 17) at 4). Notably lacking, however, is any time frame for that protected activity. Where the dates of protected activity are critical to a retaliation claim, Roberts, 998 F.3d at 127, plaintiff's omission of this information from both the complaint and her opposition are fatal to her claim. This is especially true in the case of a plaintiff who alleges she was employed with defendant starting in

8

2009, and again starting in 2011, with "numerous age and race discrimination charges" referenced in the complaint without specification of their date(s). (Compl. (DE 6) at 5). Similarly lacking is any assertion of knowledge on the part of the relevant decisionmaker in allegedly denying promotions to plaintiff.

In sum, plaintiff fails to allege facts stating a plausible claim of retaliation. Therefore, plaintiff's claim must be dismissed as a matter of law.

## CONCLUSION

Based on the foregoing, defendant's motion (DE 15) is GRANTED. Plaintiff's action is DISMISSED for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). The clerk is DIRECTED to close this case.

SO ORDERED, this the 2nd day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

9

Case 5:20-cv-00694-FL   Document 18   Filed 03/02/22   Page 9 of 9